IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1996 SESSION

FILED

August 13, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JOHN WILLIAM EVANS | ) | |
| | ) | C.C.A. NO. 03C01-9601-CR-00018 |
| Appellant | ) | |
| vs. | ) | Knox Criminal |
| | ) | |
| STATE OF TENNESSEE | ) | Honorable Mary Beth Leibowitz |
| | ) | |
| Appellee | ) | Post-Conviction Relief |


For Appellant:

John E. Eldridge
606 W. Main Ave., Suite 350
P.O. Box 84
Knoxville, TN   37901-0084

For Appellee:

Charles W. Burson
Attorney General and Reporter

Robin L. Harris
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN   37243-0493

Randall E. Nichols
District Attorney General

Robert L. Jolley, Jr.
Asst. District Attorney General
City-County Building
Knoxville, TN   37902

OPINION FILED_____

AFFIRMED

WILLIAM M. DENDER, SPECIAL JUDGE

OPINION

On February 15, 1995, the appellant pled guilty to aggravated assault, and he was sentenced to three years as a Range 1 Offender. On June 8, 1995, appellant filed a pro se petition for post-conviction relief. Attorney John Eldridge was appointed as counsel for appellant, and he filed an amendment, which was not verified under oath, to the appellant's petition on September 7, 1995. A hearing was held concerning the petition on September 11, 1995, and the trial judge took the case under advisement. An Order and Findings of Facts and Conclusions of Law, which dismissed appellant's petition without an evidentiary hearing and without requiring the State to respond, was filed on September 28, 1995. This is his appeal as of right from the judgment of the trial court.

The sole issue is whether the trial judge properly dismissed the petition for post-conviction relief without an evidentiary hearing and without requiring the State to respond. The judgment of the trial court is affirmed.

FACTS

The petition for post-conviction relief was filed on a form promulgated under the law that was in effect before May 10, 1995, and it asserted two grounds for relief: (1) the involuntariness of his guilty plea, and (2) ineffective assistance of counsel. The facts alleged in the original petition to support the above grounds for relief are, "No one would listen to my side of the story. No witness. Nothing was discuss what was going to happen before the case came up. Was confused about the plea."

The Post-Conviction Relief Procedure Act governing this case took effect on May 10, 1995.

Appointed counsel filed an amendment to appellant's pro se petition, and the matter came on to be heard on September 11, 1995. Due to inadvertence, the 30 day period in which the trial court is required to act had elapsed; however, appellant has not complained, and we do not consider such to be significant in this case. The State pointed out that the facts alleged in the original petition as the basis for the alleged grounds were insufficient, and that the amendment was not verified under oath. The trial court gave the appellant an opportunity to verify the amendment under oath, in order for the amendment to be considered; but counsel for the appellant, after consultation with the appellant, declined to place the appellant under oath and agreed that the court could rule upon the petition as filed. The record reveals that appellant was under investigation for first degree murder in another case at the time of the hearing on September 11, 1995, and that Attorney Eldridge had also been appointed to represent appellant in that matter.

In the written Order and Findings of Facts and Conclusions of Law filed by the trial court, the court found that appellant had not complied with the Act effective May 10, 1995, and that the petition did not state a factual basis for the alleged grounds.

ANALYSIS AND HOLDING

Acts 1995, ch. 207, § 3, provides that such act, which repealed the former chapter and enacted the current Post-Conviction Procedure Act, shall govern all petitions for post-conviction relief filed after May 10, 1995, and any motions filed after that date to reopen petitions for post-conviction relief which were concluded prior to

3

May 10, 1995.

Portions of T.C.A. § 40-30-206 are as follows:

(d) The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

(e) If a petition amended in accordance with subsection (d) is incomplete, the court shall determine whether the petitioner is indigent and in need of counsel. The Court may appoint counsel and enter a preliminary order if necessary to secure the filing of a complete petition. Counsel may file an amended petition within thirty (30) day of appointment.

(f) Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed. The order of dismissal shall set forth the court's conclusions of law.

We hold that the facts alleged to support the grounds for relief are insufficient. Counsel had been appointed and had filed an amendment to the petition to allege additional facts to support the grounds for relief, but the amendment was not verified under oath. T.C.A. § 40-30-204 (e) states, "The petition and any amended petition shall be verified under oath." The appellant was given the opportunity to verify the amendment to the petition under oath, but he elected not to do so. The original petition must stand on its own, and it fails to state a colorable claim for relief. In accordance with T.C.A. § 40-30-206(f) above quoted, the trial court was correct is dismissing the petition without an evidentiary hearing.

In order to decide this appeal it is not necessary for us to review the transcript of

4

the hearing where the appellant pled guilty to aggravated assault; however, a review thereof leads us to the conclusion that appellant's guilty plea was freely, voluntarily, and knowingly given.  He was also advised that his conviction could be used against him in the sentencing stage for any future criminal convictions; and this possibility was specifically discussed in relationship to the possibility that appellant would be indicted for first degree murder in another case which was currently under investigation.

For the reasons stated herein, the trial court is affirmed, and the case is remanded to the trial court for all necessary proceedings not inconsistent with this opinion.

_____
William M. Dender, Special Judge


CONCUR:


_____
Joseph B. Jones, Presiding Judge


_____
David G. Hayes, Judge